# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PRIME PROPERTY AND CASUALTY INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                               **Case No: 6:24-cv-1772-CEM-DCI**

**ROYAL TRUCKING EXPRESS INC.,**
**and BLANCA BRIEL,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff Prime Property and Casualty Insurance Company's (Prime) Motion for Entry of Default Final Judgment Against Defendants Royal Trucking Express Inc. (Royal Trucking) and Blanca Briel (Briel), the CEO of Royal Trucking (collectively, Defendants). Doc. 33. For the reasons provided below, the Motion is due to be **DENIED without prejudice**.

    **I.**      **BACKGROUND**

On January 11, 2022, Eduardo Cabrera (Cabrera), an employee of Royal Trucking, was involved in an accident (the Accident) while operating one of Royal Trucking's vehicles, a 2003 Freightliner with VIN number 1FUJBBCG13LK08273. Doc. 1 at 2. The operator and passenger of the other vehicle involved in the Accident, Alexander Garcia and Manuel Beltran, filed a lawsuit in Florida's Eleventh Judicial Circuit against Royal Trucking, Cabrera, and one other defendant (the Underlying Action). Doc. 1-1 (Second Amended Complaint and Demand for Jury Trial, *Garcia, et al. v. Cabrera, et al.*, Case No. 2022-005720-CA-01 (Fla. 11th Cir. Ct. Apr. 26, 2022)).

Prime insures Royal Trucking's fleet of commercial vehicles and issued commercial auto policy No. PC21111805 (the Policy), the policy in effect at the time of the Accident.  Doc. 1 at 3.  On May 28, 2024, Prime filed a Complaint in the Southern District of Florida against Royal Trucking, Cabrera, Alexander Garcia, and Manuel Beltran seeking "this Court's declaration as to Prime's coverage obligations, if any, under the Policy."  Doc. 1 at 8 (the Initial Complaint).  In the Initial Complaint, Prime represented that the Underlying Action remained ongoing and that it was "handling [the Underlying Action]" and had "incurred and will continue to incur expenses associated with the investigation, handling and defense of the Underlying Action."  Doc. 1 at 8.

On September 25, 2024, Prime sought leave to file an amended complaint (Doc. 8), which was granted.  Doc. 11.  Prime also filed a motion to change venue (Doc. 9), which was granted.  Doc. 13.  The case was transferred to the Middle District of Florida on October 1, 2024.  Doc. 14.

Prime filed its Amended Complaint on September 26, 2024 and raised two counts against Defendants.  Doc. 12.  In the first count, Prime seeks declaratory relief and asks the Court "to determine that the Policy does not afford coverage for the claims asserted against Royal Trucking and/or Cabrera" in the Underlying Action.  *Id.* at 10.  Prime also seeks an award of "damages to Prime for all damages and Claims Expenses incurred in connection with the Underlying Action."  *Id.*  In the second count, Prime seeks an award of "damages to Prime for all damages and Claims Expenses incurred in connection with the Underlying Action per the terms of the Personal Guarantee and Indemnity Agreement and to award Prime its attorney's fees based upon breach of that agreement."  *Id.*

On October 18, 2024, Prime filed a return of service for each Defendant, indicating that both Defendants were served on October 14, 2024.  Docs. 22, 23.  Defendants never responded to the Amended Complaint nor made an appearance before the Court.  Prime moved for a Clerk's

2

entry of default as to both Defendants on November 5, 2024 (Docs. 28, 29), and the Clerk entered default three days later. Prime has filed a motion seeking a final default judgment on both counts. Doc. 33 (the Motion).

## II.     LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a plaintiff may apply for a default judgment to either the Clerk or the Court. Fed. R. Civ. P. 55(b).

Before granting such a motion, a court must "ensure that it has jurisdiction over the claims and parties." *Sec. and Exch. Comm'n v. Martin*, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quotation omitted).

Once jurisdiction is established, the Court may enter default judgment if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts cannot award default judgment where the operative complaint fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). The showing required in this context "is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F.

App'x 690, 698 (11th Cir. 2015) (citing *Surtain*, 789 F.3d at 1245). Thus, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal alteration and quotation omitted). Whether to enter a default judgment remains within the discretion of the district court. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

### III.   DISCUSSION

A plaintiff seeking default judgment bears the burden of addressing the elements of the causes of action raised and the specific, well-pled facts in the operative complaint that satisfy each of those elements. Here, Prime's Amended Complaint clearly states the relief it seeks but fails to state a legal basis for its entitlement to such relief. Accordingly, the Court must deny Prime's request for default judgment.[1]

As a preliminary matter, the title of each count in the Amended Complaint reflects Prime's failure to clearly state the claims raised. Count I is titled "SINCE CABRERA WAS NOT AN

---

[1] In its Amended Complaint, Prime purports to raise two counts against Defendants, but as will be discussed, neither count states a cognizable claim. Doc. 12 at 8-11. Rather than speculate as to what claims Prime has attempted to raise—which could lead to a recommendation that the Court only award declaratory judgment for Count I regarding Prime's duties to defend or indemnify Royal Trucking— the Court will deny the Motion without prejudice at this juncture. Prime could then seek leave to file a second amended complaint (and serve it, if necessary). Any amended complaint should provide the Court with clearly pleaded, cognizable claims with legal authority to support Prime's entitlement to the relief it seeks. If Prime chooses not to file a second amended complaint and instead files a second motion for default judgment based on the Amended Complaint, the Court could construe Count I as a claim for declaratory relief only and enter a declaratory judgment in Prime's favor.

APPROVED DRIVER UNDER THE POLICY ROYAL TRUCKING MUST REIMBURSE PRIME FOR DAMAGES AND CLAIMS EXPENSES." Doc. 12 at 8. Count II is titled "ACTION AGAINST ROYAL TRUCKING AND BRIEL UNDER THE PERSONAL GUARANTY AND INDEMNITY AGREEMENT." *Id.* at 10. Neither title performs the function of previewing what claim Prime is raising for that count, and as will be explained, the allegations for each count fail to clarify this shortcoming.

In Count I Prime seeks: 1) declaratory relief regarding its duty to defend and duty to indemnify Royal Trucking in the Underlying Action; and 2) an award of damages "for all damages and Claims Expenses incurred in connection with the Underlying Action." Doc. 12 at 8-10. But Prime does not state whether Count I is a declaratory action claim—which would entitle Prime to declaratory relief only—or a claim for breach of contract, equitable restitution, or some other claim altogether. In the Motion, Prime clarifies that it seeks a declaratory judgment regarding Prime's duty to defend and duty to indemnify. Doc. 33 at 13-14, 15-17; Doc. 12 at 8-10. But Prime did not clearly raise this in the Amended Complaint. Indeed, the only mention of "duty to defend" or "duty to indemnify" occurs in two quotes from the Policy (Doc. 12 at 6, 8), and these quotes do not arise in the context of Prime providing the Court with the elements of a declaratory action claim. *Id.* While the Motion provides more context for the declaratory relief Prime seeks—leaving the Court inclined to construe Count I as a declaratory claim—the Amended Complaint does not state the claim clearly.

Even if the Court construed Count I as a claim for declaratory judgment, Prime has provided no legal authority to support a monetary award under such a claim. Prime asserts that it "is entitled to reimbursement from Royal Trucking" because "[t]he claims at issue in the Underlying Action against Royal Trucking and Cabrera are not covered under the Policy" (Doc.

5

12 at 9), but Prime has not provided the Court with any legal authority to support the Court awarding "reimbursement" of "all damages and Claims Expenses incurred in connection with Royal Trucking and Cabrera's defense in the Underlying Action, including, but not limited to, all attorneys' fees and costs incurred in the defense, and the settlement funds issued on behalf of Royal Trucking and Cabrera to settle the underlying claims." Doc. 12 at 9-10. Prime must provide a legal basis for its entitlement to each type of "reimbursement" it seeks based on the claim it pleads.

Count II also fails to state a claim. In Count II, Prime seeks an award of damages "for all damages and Claims Expenses incurred in connection with the Underlying Action per the terms of the Personal Guarantee and Indemnity Agreement and to award Prime its attorney's fees based upon breach of that agreement." *Id.* at 11. But Prime has not stated a claim for breach of contract. Although Prime refers to a "Personal Guarantee and Indemnity Agreement" (Doc. 12-4) in Count II, Prime does not: 1) plead the factual allegations supporting the elements of a claim for breach of contract; 2) quote or cite from the attached "Personal Guarantee and Indemnity Agreement" (Doc. 12-4); or 3) explain why Count II is brought against Defendants when—as far as the Court can tell from inspecting the document—only Royal Trucking is a party to the "Personal Guarantee and Indemnity Agreement." Doc. 12-4.

Count II also suffers from shotgun pleading defects. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations

of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.  A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand plaintiff replead such complaints. *See Wagner v. First Horizon Pharm. Corp*., 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.").

Count II of the Amended Complaint bears shotgun pleading defects of the first and fourth categories described above. Doc. 12 at 10-11.  First, Count II incorporates all preceding allegations made in the Amended Complaint.  *Id.* at 10 ("Prime incorporates and realleges Paragraphs 1 through 29 as Paragraph 30 of Count II as if fully set forth herein.").  Second, it is not clear which Defendant Count II is raised against, as Prime makes allegations against both Royal Trucking and Briel, but only alleges that Briel is a party to the indemnity agreement referenced in the count. *Id. See Weiland*, 792 F.3d at 1323 n.14 (listing Eleventh Circuit cases addressing pleadings that assert multiple claims against multiple defendants without specifying which applies to which).

Accordingly, the Court cannot grant default judgment based on the operative complaint.

7

## IV. CONCLUSION

Based on the foregoing it is hereby **ORDERED** that Plaintiff's Motion for Entry of Default Final Judgment Against Defendants (Doc. 33) be **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on June 4, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE